IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02044-CMA-MJW

UNITED STATES OF AMERICA,

Plaintiff(s),

v.

$13,000.00 IN UNITED STATES CURRENCY,
2007 BLACK DODGE RAM SRT PICKUP, VIN 1D7HA18257S120375, and
1999 SILVER GMC YUKON, VIN 1GKEK13R1XR918883,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Claimant Victor Mier-Chacon's Motion to File Amended Answer (docket no. 65) is GRANTED finding good cause shown. Claimant Mier-Chacon shall file his Amended Answer with the court on or before October 5, 2011.

It is FURTHER ORDERED that Claimants Victor Mier-Chacon and Maria Medina's Verified Motion for Transcripts (docket no. 57) is DENIED for the following reasons. The *in forma pauperis* statute, 28 U.S.C. § 1915 does not provide for payment by the government of costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigation. See Tabron v. Lt. Grace, et. al., 6 F.3d 147, 159 (3rd. Cir. 1993)("[t]here is nothing in the rules requiring the government to pay for transcripts in the ordinary course of civil litigation, whether pro se or counseled."). Moreover, to issue an order requiring the government to turn over a copy of the subject transcript would deprive the court reporter of the "reasonable" fee he/she is entitled to by law for his/her work product. See Hallford v. California Dept. Of Corrections, , 2010 WL 921166, at *2 (E.September 27, 2011. Cal. Mar. 12, 2010).

Date: September 21, 2011